# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NINOSHKA GUTIERREZ and EDWARD
MUNIZ,

                        **Plaintiffs,**

-vs-                                            **Case No.  6:12-cv-554-Orl-19KRS**

UNIVERSAL TAX, LLC., and JAKELINE
LUMUCSO,

                        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | JOINT MOTION FOR APPROVAL OF EDWARD MUNIZ'S SETTLEMENT AGREEMENT [Doc. No. 34] |
|---|---|
| FILED: | September 4, 2012 |

## I.    PROCEDURAL HISTORY.

Plaintiff Edward Muniz and Defendants Universal Tax, LLC and Jakeline Lumucso seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*[1]

---

[1] Plaintiff Ninoshka Gutierrez has not settled her claims.  Accordingly, a Case Management and Scheduling Order should be issued.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.  In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[2] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva*, 307 F. App'x at 351.  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[2]The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

### III.    ANALYSIS.

    A.    *Compromise of the Claims.*

    In his answers to the Court's interrogatories, Muniz averred that he was owed $1,800.00 in unpaid overtime compensation and an equal amount in liquidated damages.  Doc. No. 20-1 ¶ 7(e).  Under the settlement agreement, Muniz will receive $2,400.00 for unpaid overtime compensation and liquidated damages.  Doc. No. 34-1 ¶ 1.  Therefore, Muniz has compromised his claim.

    Muniz represents, through counsel, that he voluntarily agreed to this amount in light of the disputes about the amount of overtime work actually performed.  Doc. No. 34 at 2.  Muniz acknowledged "that he may not have worked all overtime hours originally claimed for each and every workweek during the relevant period."  *Id.*  Therefore, the facts and circumstances underlying the settlement have been adequately disclosed.

    B.    *Reasonableness of Attorney's Fees and Costs.*

    Under the settlement agreement, counsel for Muniz will receive $4,000.00 in attorney's fees and costs.  Because Muniz has compromised his FLSA claim, the Court must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Muniz agreed to accept.

    L. Todd Budgen, Esq., counsel for Muniz, filed his affidavit (Doc. No. 34-3) supported by time sheets (Doc. Nos. 34-2 at 3-6), and a case invoice (Doc. No. 34-2 at 7).  Budgen avers that he has been practicing law since 2000 and has handled over 2,000 cases before the Federal District and Bankruptcy Courts.  Doc. No. 34-2 ¶ 4.  He attests that judges of this Court have found that his reasonable hourly rate is between $250.00 and $275.00.  *Id.*  He attests that judges of this

Court have determined that a reasonable hourly rate for paralegal Becki Rodak is $95.00 per hour. *Id.* ¶ 5.

After deducting time recorded for noncompensable clerical and administrative work and excessive time for review of form documents, the hours worked multiplied by the reasonable hourly rate for each individual plus the taxable costs of $405.00 exceed the amount that counsel will receive under the settlement agreement.  Because the total of attorney's fees and costs paid under the settlement agreement is less than the reasonable lodestar attorney's fee and taxable costs, I recommend that the Court find that the payment of $4,000.00 for attorney's fee and costs is reasonable.

      C.       *Other Provisions of the Settlement Agreement.*

The settlement agreement contains a broad release under which Muniz releases not only the named Defendants but also their "affiliates, parents, subsidiaries, successors and assigns, and each of its or their officers, directors, shareholders, members, employees, agents, representatives, attorneys, and employees" arising under numerous statutes and common law.  Doc. No. 34-1 at 3-4.  In exchange, Defendants give Muniz a mutual release and additional compensation of $100.00.  Because separate compensation was paid in exchange for the broad release, I recommend that the Court find that the broad release does not render the settlement unfair.

The settlement agreement also contains a confidentiality provision that is unenforceable, at least in part, due to the public filing of the document.  Accordingly, I recommend that the Court not approve the settlement agreement as a whole or retain jurisdiction to enforce it.

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.      **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.      **GRANT** in part the Joint Motion for Approval of Edward Muniz's Settlement Agreement, Doc. No. 34;

3.      **PROHIBIT** counsel for Plaintiff from withholding any portion of the $2,500.00 payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4.      **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff; and,

5.      **DECLINE** to approve the settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 24, 2012.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy